# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

HERMIONE KELLY IVY WINTER, :
:
    Plaintiff, :
:
v. : Civ. No. 19-507-LPS
:
WARDEN DANA METZGER, et al., :
:
    Defendants. :

---

Hermione Kelly Ivy Winter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

February 20, 2020
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Hermione K. I. Winter ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges that when she was on suicide watch, on or about September 27, 2018, Defendant Jordan Clark ("Clark") packed her belongings and that Defendants Derrick Thomas ("Thomas") and Casey Armstrong ("Armstrong") covered for Clark. Plaintiff filed a grievance and Defendants Cpl. Matthew Dutton ("Dutton") and Capt. Tony Benson ("Benson") investigated the matter. Plaintiff alleges that Defendants Warden Dana Metzger ("Metzger"), Officer Shane Troxler ("Troxler"), Officer Marshall Hobbs ("Hobbs"), and Officer Katrina Burley ("Burley") had access to the investigation and "simply turned the other eye and denied [the] grievance." (D.I. 3 at 7)

Plaintiff alleges that prison employment wages are extremely low. In addition, she alleges that she is not offered a job because she is a woman and a Muslimah. Plaintiff's prison trust account has a negative balance. She alleges that if she had a job, she "probably would of [sic] ate this one but money is difficult to come by." (*Id.* at 8)

Plaintiff seeks compensatory damages and injunctive relief.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

## III. LEGAL STANDARDS

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted

pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## IV. DISCUSSION

### A. Prison Employment

To the extent Plaintiff claims she is entitled to prison employment, the claim fails. Prisoners have no entitlement to a specific job, or even to any job. *See James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Indeed, it well established that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the Fourteenth Amendment. *Id.*; *see also Brian v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975) (inmate's expectation of keeping job is not property interest entitled to due process protection); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned particular job). Therefore, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. Property

Plaintiff alleges that Clark gave her personal property away and that Thomas and Armstrong covered for Clark. A due process claim based on the deprivation of personal property is not actionable under § 1983 unless no adequate post-deprivation remedy is available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by* 474 U.S. 327 (1986); *Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. Apr. 9, 2015). Plaintiff has available to her the option of filing a common law claim for conversion of property. Because Delaware provides an adequate post-deprivation remedy, Plaintiff cannot maintain a cause of action pursuant to § 1983, and her claim is subject to summary dismissal. *See Harris*, 609 F. App'x at 705

Therefore, the Court will dismiss all property claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Grievances

Plaintiff alleges that her grievance was denied after Dutton and Benson conducted an investigation and Metzger, Troxler, Hobbs, and Burley ignored the investigation's results.

4

The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006). To the extent that Plaintiff bases her claims upon her dissatisfaction with the grievance procedure or denial of her grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Additionally, any complaints regarding the investigation of grievances do not state a constitutional claim. *See Gay v. Shannon*, 211 F. App'x 113, 116 (3d Cir. Dec. 22, 2006). Finally, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. July 28, 2009).

Plaintiff cannot maintain a constitutional claim based upon her perception that her grievance was not properly processed, that it was denied, or that the grievance process is inadequate. Therefore, the Court will dismiss all grievance claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion for relief (D.I. 7) and Plaintiff's request for counsel or to voluntarily dismiss (D.I. 8); and (2) dismiss the Complaint as frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The Court finds amendment futile.

An appropriate Order will be entered.