IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HERMIONE KELLY IVY WINTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-507-LPS |
| | : | |
| WARDEN DANA METZGER, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

1.   **Introduction**.  Plaintiff Hermione Kelly Ivy Winter ("Plaintiff"), an inmate at the James T. Vaughn Correctional Institution in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  She appears *pro se* and has been granted leave to proceed *in forma pauperis*.  On February 20, 2020, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it as legally frivolous, finding amendment futile.  (D.I. 9, 10)  On February 26, 2020, Plaintiff filed a motion for reconsideration.  (D.I. 11)  She recently filed a notice of appeal.  (D.I. 13)

2.   **Motion for Reconsideration**.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

3.   Plaintiff states that the Court's decision in dismissing the Complaint is "completely accurate" but fails to address Plaintiff's actual claims because "perhaps it was poorly constructed on [Plaintiff's] part."  (D.I. 11 at 1)  Plaintiff states that she does not raise an entitlement to a prison job claim and agrees such a claim fails on its face.  What she meant to allege is discrimination based

1

upon sexual orientation, religion, and disability in denying her a prison job. Plaintiff states that her intended claim involves the taking of property in retaliation for submitting grievances. Plaintiff further concedes that she may not be entitled to an effective grievance process, but contends she is entitled to some grievance process, yet the limitations on her right to grieve are so broadly stated as to leave her no access to grievance, forcing her to use other ways of reporting.

4. Plaintiff's Complaint does not contain any of the claims Plaintiff now says she wanted to raise. The Court cannot review claims that are not pled. Plaintiff, who is no stranger to the legal system, acknowledges the poor construction of the Complaint. In the past, she has adequately raised claims, defendants have been served, and her cases have proceeded in the normal course of litigation. Plaintiff's motion fails because she has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its screening order that dismissed the Complaint. *See Max's Seafood Café*, 176 F.3d at 677. Plaintiff's attempt to recast her complaint on a motion for reconsideration is inappropriate. *See, e.g., Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, the motion for reconsideration will be denied. (D.I. 11)

5. Nevertheless, the Court discerns in Plaintiff's filing a desire to amend her complaint. As the Third Circuit has instructed, "we are mindful to give a liberal construction to *pro se* pleadings, *see Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), particularly in civil rights cases, where plaintiffs should generally be afforded leave to amend." *Chestnut v. Finck*, 722 F. App'x 115, 118 (3d Cir. 2018) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). Therefore, Plaintiff will be given leave to file an amended complaint to raise the claims she refers to in her motion for reconsideration.

6. **Conclusion**.  The Court will deny Plaintiff's motion for reconsideration (D.I. 11) but will give Plaintiff leave to file an amended complaint.  An appropriate order will be entered.

June 15, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

6. **Conclusion**.  The Court will deny Plaintiff's motion for reconsideration (D.I. 11) but will give Plaintiff leave to file an amended complaint.  An appropriate order will be entered.

June 15, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE