**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HERMIONE KELLY IVY WINTER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 19-507-LPS |
| | : |
| WARDEN DANA METZGER, et al., | : |
| | : |
| Defendants. | : |

------------------------------------------------------------------

| | |
|---|---|
| EVONCA SAKINAH S. ALIAHMED, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 20-526-LPS |
| | : |
| BUREAU CHIEF SHANE ROXLER, et al., | : |
| | : |
| Defendants. | : |

------------------------------------------------------------------

| | |
|---|---|
| EVONCA SAKINAH S. ALIAHMED, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civ. No. 20-814-LPS |
| | : |
| JTVCC, et al., | : |
| | : |
| Defendants. | : |

------------------------------------------------------------------

| | |
|---|---|
| EVONCA SAKINAH S. ALIAHMED, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 20-991-LPS |
| | : |
| SARAH VANES, et al., | : |
| | : |
| Defendants. | : |

------------------------------------------------------------------

**MEMORANDUM ORDER**

At Wilmington this 1ST day of March, 2021, having considered the requests for counsel and

motions to consolidate in Civ. No. 19-507-LPS at D.I. 20; Civ. No. 20-526-LPS at D.I. 72; Civ. No.

20-814-LPS at D.I. 8; and Civ. No. 20-991-LPS at D.I. 5;

IT IS ORDERED that the motions are DENIED, for the following reasons:

1.      Plaintiff, a well-known litigant who has filed lawsuits under the name Evonca

Sakinah S. Aliahmed, Hermione Kelly Ivy Winter, and David Allen Allemandi, filed identical

motions on August 5, 2020 that request counsel and seek to consolidate four cases: Civ. No. 19-507-

LPS at D.I. 20; Civ. No. 20-526-LPS at D.I. 72; Civ. Nov. 20-814-LPS at D.I. 8; and Civ. No. 20-

991-LPS at D.I. 5.

2.      On April 24, 2019, the Court entered an order in a case filed by Plaintiff, Civ. No.

19-498-LPS at D.I. 10, that ruled on "Global Motions" filed by Plaintiff.   Plaintiff was advised that,

when seeking relief, she must file a motion specific to a particular case.   She was placed on notice

that future global motions filed in any of her cases would be docketed, but not considered.   Plaintiff

disregarded the Court's directive and, therefore, the requests for counsel are not considered and are

**DENIED** without prejudice.

3.      Plaintiff moves to consolidate Civil Case Nos. 17-1292-LPS, 17-1322-LPS, 17-1432-

LPS, 19-507-LPS, 20-491-LPS, 20-526-LPS, 20-814-LPS, and 20-991-LPS.   Federal Rule of Civil

Procedure 42(a) provides for consolidation "[w]hen actions involv[e] a common question of law or

fact . . . to avoid unnecessary costs or delay."   "District courts have the inherent authority to order

consolidation *sua sponte*."   *Plimpton v. Cooper*, 141 F. Supp. 2d 573, 575 (W.D. N.C. 2001) (citing *Pickle

v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999)).

4.      Some of the referenced cases are closed, one is a habeas, others are already

consolidated, and most have different defendants and speak to different time-frames. Consolidation

2

is not appropriate.   The motions are DENIED.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE