IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PEOPLE OF DELAWARE, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civ. No. 19-507-LPS |
| | : |
| JOHN AND JANE DOES | : |
| OF DDOC AND DDOJ, | : |
| | : |
| Defendants. | : |

Kelli Evonca Sakinah Aliahmed, Sussex Correctional Institution, Georgetown, Delaware, and Muhammad Aliahmed, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiffs.

**MEMORANDUM OPINION**

May 27, 2022
Wilmington, Delaware

STARK, U.S. Circuit Judge:

## I. INTRODUCTION

Plaintiff Hermione K. I. Winter ("Winter"), an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Winter was housed at the James T. Vaughn Correctional Center ("JVCC") in Smyrna, Delaware, when she commenced this action. She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) Winter, now proceeding as Kelli Evonca Sakinah Aliahmed ("K. Aliahmed") and Muhammad Aliahmed ("M. Aliahmed") (together "Plaintiffs")[2], filed an amended complaint on July 6, 2020, naming additional plaintiffs and new defendants. (D.I. 18) The Amended Complaint is the operative pleading. The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The original complaint was dismissed as legally frivolous and the Court determined that amendment was futile. (D.I. 9, 10) K. Aliahmed was given leave to amend upon reconsideration. (D.I. 16, 17) The Amended Complaint adds as plaintiffs The People of Delaware, Inmates of Delaware, Transexuals of Delaware Prisons, and M. Aliahmed. It dismissed all the original defendants and added new defendants John & Jane Does of DDOC and DDOJ ("Doe Defendants."). (D.I. 18)

The Amended Complaint contains the following counts: Count I, Racketeering; Count II, Job Discrimination; Count III, Lack of Available Grievance; Count IV, ADA Discrimination;

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] More recently, Plaintiff changed her name to Cea G. Mai. (*See* D.I. 33)

1

Counts V and VI, Retaliation; and Count VII, Religious Discrimination. Plaintiffs seek compensatory damages and declaratory and injunctive relief.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and the Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a Plaintiffs leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679

3

(citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Non-Attorneys

The Amended Complaint is signed by Plaintiffs K. Aliahmed and M. Aliahmed. Neither are attorneys. As non-attorneys, they may not act as attorneys for the other named Plaintiffs (*i.e.*, The People of Delaware, Inmates of Delaware, and Transexuals of Delaware). Each may only represent herself or himself in this court. *See* 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children); *In the Matter of Chojecki*, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000.

### B. Racketeering

Count I is presented as a racketeering claim. Presumably, Plaintiffs attempt to raise a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim. The civil RICO statute creates a cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c).

To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The RICO statute defines "racketeering activity" by enumerating an exhaustive list of predicate acts. *See* 18 U.S.C. § 1961(1). A "pattern" of racketeering activity requires at least two predicate acts of racketeering activity. *See* 18 U.S.C. § 1961(5).

When a person alleges an injury under RICO, the alleged injury must arise from an unlawful act specified in 18 U.S.C. § 1961(1). *See Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007)

(citing *Beck v. Prupis*, 529 U.S. 494, 504-06 (2000)). "[I]njuries to property are not actionable under RICO unless they result in tangible financial loss to the plaintiff." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) (internal citation and quotation marks omitted); *see also Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2006) ("To recover under RICO, the individual 'must show proof of concrete financial loss' and must demonstrate that the loss was proximately caused by the racketeering activity.").

The Amended Complaint alleges in a conclusory manner that the systems of the prison are "conducted in a mass manner that extorts both inmates and their loved ones out of the money," that the "cruel environment caused by the four prisons' corrupt system steals people's money on a large massive level," and that inmates are charged fees to use tablets, telephones, and the commissary at increased costs to inmates and with a substantial profit to the prison. (D.I. 18 at 9, 11, 12) At most, Plaintiffs allege one predicate act: extortion. A "pattern" of racketeering activity requires at least two predicate acts of racketeering activity. In addition, the allegations do not state that Plaintiffs suffered any injury. Rather, the allegations refer to injuries to "people," "inmates," and "their loved ones," but not to Plaintiffs. The allegations are wholly insufficient to state a valid RICO claim. Also, Plaintiffs have failed to allege any tangible financial loss to themselves.

Plaintiffs have failed to state a RICO claim as the Amended Complaint fails to make sufficient "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Twombly*, 550 U.S. at 555. Therefore, the RICO claim will be dismissed.

**C.     42 U.S.C. 1983**

The Court liberally construes Counts II, III, V, VI, and VII as raising claims under 42 U.S.C. § 1983. Count II alleges job discrimination against transgenders and transexuals. Count III alleges

5

the inability to exhaust administrative remedies under the current grievance system. Count V alleges property destruction, theft, and loss in monopolization, and retaliation. Count VI alleges a biased and targeted retaliation system against LGBTQ2SIA inmates. Count VII alleges religious discrimination.

Liability in a 42 U.S.C. § 1983 action is personal in nature; to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S.Ct. 2042 (2015). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

There are no allegations in Counts II, III, V, VI, or VII directed to any Doe Defendant that indicate personal involvement in violating Plaintiff's rights. The claims are deficiently pled and, therefore, Counts II, III, V, VI, and VII will be dismissed.

### D.   ADA

Count IV alleges discrimination under the Americans with Disabilities Act but it does not indicate which Title was allegedly violated. Plaintiff K. Aliahmed alleges a disability by reason of gender dysphoria or as a transexual. She alleges the prisons, including SCI, Gander Hill, and JTVCC, all have a discriminatory gender job eligibility system in place and that an inmate is not considered if she or he is trans or intersex and, if an inmate is hired, discrimination quickly removes the inmate from the position. (D.I. 18 at 16-22)

K. Aliahmed does not indicate if her claim is raised under Title I or Title II of the ADA. Regardless, she raises the claim against John and Jane Does. Under either Title, the claim fails because there is no individual damages liability under Title I and Title II of the ADA. *See Koslow v.*

*Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA."); *Boggi v. Med. Review and Accrediting Council*, 415 F. App'x 411, 415 (3d Cir. 2011) (individual defendants cannot be sued in their individual capacities under ADA); *Emerson v. Thiel Col.*, 296 F.3d 184, 190 (3d Cir. 2002) (no individual liability arises under Title II of ADA). Accordingly, the ADA claim will be dismissed.

### E.     Plaintiff M. Aliahmed

The Amended Complaint added M. Aliahmed as a defendant. M. Aliahmed is a *pro se* litigant who is presently incarcerated, and who joined this action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee or a request to proceed *in forma pauperis*. M. Aliahmed will be ordered to submit a request to proceed *in forma pauperis* and a certified copy of his prison trust fund account statement.

## V.     CONCLUSION

For the above reasons, the Court will: (1) dismiss the Amended Complaint as frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); and (2) require M. Aliahmed to submit a request to proceed *in forma pauperis* and a certified copy of his prison trust fund account statement. Plaintiffs will be given leave to file a second amended complaint.

An appropriate Order will be entered.